Harris, J.,
delivered the opinion of the Court.
Hoard recovered a judgment against the Railroad Company, upon which an execution issued and was returned “ nulla bona,” and thereupon R. W. Casey was regularly summoned as a garnishee. On his examination in the Circuit Court, he stated in substance that he was indebted to said Railroad Company, at the time the garnishment was served upon him, to an amount exceeding one thousand dollars, for railroad taxes collected by him as tax collector of Coffee county; that there is a judgment against him in favor of the State of Tennessee, for the use of E. E. Thacker, trustee of Coffee county, for $3319 76, on which he considered he still owed one thousand dollars or more. Whether the judgment is in favor of the McMinnville & Manchester Railroad Company or not he does not know, but he has been paying to their order since the judgment was obtained. He had seen it stated in the Governor’s message, before the garnishment was served on him, that the Company had received bonds of the State of Tennessee to the amount of ten thousand dollars per mile, for the purpose of purchasing iron and equipments for said road; and when the garnishment was served, the iron was laid on said road one mile or one mile and a half.
*181 Upon this statement the Circuit Court rendered judgment discharging the garnishee, and the plaintiff has appealed in error to this Court..
The defence here is rested upon three distinct propositions : Eirst, it is assumed that the indebtedness of the garnishee to the Company, from the above statement, can only be arrived at by surmise and inference, and it is insisted that it is not sufficient to charge him. In the second place, it is argued that the judgment against the garnishee is in favor of the State for the use of the trustee, and not for the Railroad Company, and therefore his indebtedness is not to the Company. And, thirdly, it is insisted that if the fund belongs to the Company, then the State has a prior lien upon it to the exclusion of all other creditors.
Upon the first proposition, we think it is clear that this fund belonged to the Railroad Company: it was railroad taxes collected for the benefit of said Company, remaining in the hands of Casey, against whom the judgment had been taken for failing to pay it over, as required by law. There can be no doubt that a payment to the Company would have been a discharge of Casey’s liability; and that he so understood it, is, manifest from the fact that he has been making payments to the Company since the judgment was rendered against him.
The second proposition, that the judgment is in favor of the State for the use of the trustee, is equally untenable. By the 6th section of the act of 1851-2, ch. 117, it is made the duty of the County Court to take bond and security from such person as they may elect to collect the railroad tax, in such an amount as they may require, payable to the State of Tennessee; conditioned that he *182 will discharge bis duty and faithfully account for and pay oyer said taxes, as they may be collected, to the President and Directors of said Railroad Company, and he and his securities shall be liable and proceeded against in like manner as by law revenue collectors are made liable. The 11th section of the same act makes it the duty of the county trustee to settle annually with the railroad tax collector, and to proceed against a defaulting collector as is prescribed by law against revenue collectors, and cause said tax to he paid over to said Company. By the provisions of the act of 1848, ch. 167, all official bonds are required to be made payable to the State of Tennessee, in whose name suits may be prosecuted in favor of the beneficiaries therein.
From these provisions it is manifest that when Casey failed to settle with the trustee and “pay over to the President and Directors of the Railroad Company” the railroad tax, it was the duty of the trustee to take judgment against him and his securities in the name of the State for his use. For what purpose ? That he might “ cause said tax to be paid over to said Company.” Then there can be no doubt that the Railroad Company are the beneficiaries in the judgment against the garnishee, and that the fund belongs to them.
The only remaining question is, has the State a superior and prior lien upon this fund ? This lien is claimed for the State by virtue of the 3d and 4th sections of the act of 1851-2, ch. 151. The 3d section provides that so soon as the bonds of the State shall have been issued for the first section of the road, they shall constitute a lien upon said section, “including the road-bed, right of way, grading, bridges and masonry, upon all the stock *183 subscribed for in said Company, and upon all iron rails, chairs, spikes and equipments when purchased and delivered ; and the State of Tennessee, upon the issuance of said bonds and by virtue of the same, shall be invested with said lien or mortgage, without a deed from the Company, for the payment by said Company of said bonds, with the interest thereon as the same becomes due.”
It is manifest that the money paid in on the subscriptions for stock is not embraced in the 8d section of the statute, and this railroad tax was the means of payment for the stock subscribed for by the county of Coffee. It was doubtless the policy of the Legislature to exempt from this lien the money paid in on the stock, that the Company might thereby have the means to proceed with the work and complete the road.
This view is strengthened by the 4th section of the act, which provides that when the whole of said road shall be completed, the State of Tennessee shall be invested with a lien, without a deed from the Company, upon the entire road, including, in addition to all the articles enumerated in the 3d section, *“ the whole superstructure and equipments, and all the property owned by the Company as incident to or necessary for its business, and all depots and dépdt - stations, for the payment of all said bonds issued to the Company as provided in this act and for the interest accruing on said bonds.” This provision giving the State a lien upon “all the property owned by the Company as incident to or necessary for its business,” applies only to cases where the “whole of said road shall be completed,” and of course has no application to the present case.
The result is, that this fund in the hands of the ear- *184 nishee is the property of the Company, and is subject to the satisfaction of the plaintiff’s demand against them.
The judgment of the Circuit Court will he reversed, and judgment rendered against the garnishee.